# EXHIBIT B

Maija Olivia (State Bar No. 243856)
  mxo@manningllp.com
Farouk G.S. Mansour (State Bar No. 311228)
  fgm@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Defendant
NEIMAN MARCUS GROUP, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

MARYAM HALPERN,

    Plaintiff,

v.

NEIMAN MARCUS GROUP, INC. and DOES 1 to 100,

    Defendants.

Case No.: 19STCV04630

Assigned for all purposes to
Judge Stephen L. Goorvitch, Dept. 5

**DEFENDANT NEIMAN MARCUS GROUP, INC.'S ANSWER TO COMPLAINT**

Action Filed: 02/11/19

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Defendant NEIMAN MARCUS GROUP, INC. hereby answers the complaint of MARYAM HALPERN (hereinafter Complainant) as follows:

### GENERAL DENIAL

Under the provisions of Code of Civil Procedure section 431.30(d), all and each of the material allegations of the unverified complaint are denied. Defendant denies that as a direct and proximate result of any act or omission on the part of the answering Defendant, that Plaintiff sustained injury or damage in the amount alleged, or in any amounts at all.

## FIRST AFFIRMATIVE DEFENSE

### (Comparative Fault)

At all times herein mentioned Plaintiff and others, whether named as parties herein or not, each and all were guilty of fault or negligence, which proximately caused or contributed to the incident and injuries alleged by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

This answering Defendant alleges that the Plaintiff fails to state facts sufficient to constitute any cause of action against it.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

This answering Defendant alleges that the complaint, and each and every cause of action, or purported cause of action contained therein, is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335.1 and 340.

## FOURTH AFFIRMATIVE DEFENSE

### (Not Damaged)

This Defendant alleges that the Plaintiff herein, in connection with any of the transactions or allegations that are the subject of this complaint, has not suffered any damages by reason of the alleged acts or omissions of this Defendant, and Plaintiff has no valid claims against this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

This Defendant alleges, upon information and belief, that the damages, if any, sustained by Plaintiff were the result of Plaintiff's failure to exercise reasonable efforts to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

This responding Defendant alleges that Plaintiff had knowledge of the risks and hazards involved in the activity leading to Plaintiff's alleged damages, voluntarily engaged therein, and

assumed the risks and hazards thereof, and that said assumption of the risks and hazards bars Plaintiff's right to recovery from this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

### (Superseding Acts)

Plaintiff's complaint and each cause of action thereof is barred by the independent, intervening, superseding acts of persons/entities other than this answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### (Doctrine of Waiver and Estoppel)

As a separate and affirmative defense, this answering Defendant alleges that Plaintiff's claims, and each of them, are barred by the doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE

### (Laches)

This responding Defendant is informed and believes, and thereon alleges, that the Plaintiff herein is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

This responding Defendant alleges that Plaintiff has not come to court with clean hands. As a result, Plaintiff is not entitled to the relief requested in the complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Defendant contends that Plaintiff's complaint fails in that Defendant had no actual or constructive notice of any dangerous condition.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Control)

Defendant contends that Plaintiff's complaint fails in that Defendant did not control the area where Plaintiff was allegedly injured.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Fault)

As a separate and affirmative defense, this answering Defendant alleges that any loss, injury or damage incurred by Plaintiff was legally caused by the negligent or willful acts or omissions of parties, including Plaintiff, whom this answering Defendant neither controlled nor had the right to control, and was not legally caused by any acts, omissions or other conduct of this answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Defendant thereon alleges that any negligence of answering Defendant, if any, was neither the cause in fact nor the proximate cause of Plaintiff's damages. Rather, any said negligence, if any, was only secondary, inconsequential, indirect and in no way contributed to or caused the alleged damages of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

Any and all injuries, if any, and damages, if any, sustained or suffered by Plaintiff was proximately caused and contributed by the superseding, intervening acts or omissions of persons other than Defendant in that said person, and each of them, were careless and negligent concerning the matters alleged in the complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the complaint with the result that the damages, if any, recoverable by Plaintiff herein must be diminished in proportion to the fault attributable to such other person.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that Plaintiff is estopped from obtaining the relief sought in her complaint by virtue of her acts and conduct in connection with the matters alleged in the complaint.

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that it has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise or supplement its answer and to plead such other defenses and take such other further actions as it may deem proper and necessary in its defense upon completion of said investigation and/or study.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant is granted such other and further relief as the Court may deem just and proper.

DATED: June 6, 2019

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
Maija Olivia
Farouk Mansour
Attorneys for Defendant NEIMAN MARCUS GROUP, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19800 MacArthur Blvd, Suite 900, Irvine, CA 92612.

On June 4, 2019, I served true copies of the following document(s) described as **DEFENDANT NEIMAN MARCUS GROUP, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Jesse L. Halpern, Esq. <br> THE HALPERN LAW FIRM <br> 26500 W. Agoura Rd., Ste. 212 <br> Calabasas, CA 91302 <br> T: (818) 785-5999 <br> F: (818) 609-1342 <br> E: jlh@halpernlawcorp.com | Attorney for Plaintiff <br> MARYAM HALPERN |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 6, 2019, at Irvine, California.

_____
Lily Coffin